UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VARIAN SEMICONDUCTOR EQUIPMENT | ) | |
| ASSOCIATES, INC., NORMAN L. TURNER, | ) | |
| KENNETH H. PURSER, and ALICE W. ENGE | ) | |
| and ELIZABETH DILL, as Co-Executrixes of the | ) | |
| Estate of Harald A. Enge, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | NO. 08-10487-NG |
| v. | ) | |
| | ) | |
| ADVANCED ION BEAM TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

May 25, 2010

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the Defendant's Motion for Attorney's Fees and

Costs (Docket No. 74).  By its motion, the defendant, Advanced Ion Beam Technology,

Inc. ("AIBT"), is seeking an order declaring this an "exceptional case" and awarding it

attorney fees pursuant to the Patent Act, 35 U.S.C. § 285.  Additionally, AIBT seeks

expert witness fees and prejudgment interest on its costs and attorneys' fees pursuant to

the court's inherent power to impose sanctions for abuse of the judicial process, as well

as costs pursuant to Fed. R. Civ. P. 54(d).  For all the reasons detailed below, AIBT's

motion is ALLOWED only as to the defendant's request for costs under Fed. R. Civ. P.

54(d), but is otherwise DENIED.  The issue of Varian's conduct vis-à-vis the Patent

Office and its motivation in filing this suit will be fully explored in the Antitrust

Litigation, in which AIBT may move for fees if appropriate.  The instant case, however,

should be closed as AIBT has not even sufficiently pleaded inequitable conduct on the

part of Varian to withstand a motion to dismiss, much less shown that this is an

"exceptional case."

## II.  BACKGROUND

This court previously described the procedural background of this case in its

February 26, 2010 Report and Recommendation on Defendant's Motion for Attorney's

Fees and Costs and in its April 27, 2010 Report and Recommendation on Defendant's

Motion to Dismiss in Civil Action No. 09-11448-NG.  Because that background is

directly relevant to the issues raised in the present motion for attorney fees and costs, it is

summarized again here as follows.

On March 25, 2008, plaintiffs Varian Semiconductor Equipment Associates, Inc.

and the owners of U.S. Patent No. 7,301,156 (the "'156 Patent") (collectively, "Varian")

brought this action against AIBT alleging infringement of the '156 Patent entitled

"Controlling the Characteristics of Implanter Ion-Beams."  (Docket No. 1).  AIBT

responded by denying liability, asserting various affirmative defenses, and filing three

counterclaims consisting of claims for invalidity, non-infringement and unenforceability.

(Docket No. 7).  On November 25, 2008, after the parties had engaged in initial

discovery, Varian, for reasons that are in dispute, unilaterally granted AIBT a covenant

not to sue on the '156 Patent, and moved to dismiss both its claims and AIBT's three counterclaims.  (See Docket No. 37).  Ultimately, the court allowed the parties' Joint Stipulation and Motion for Dismissal by Order of the Court, thereby dismissing Varian's claims with prejudice pursuant to its covenant not to sue, and dismissing AIBT's three counterclaims with prejudice to the extent that those claims were directed to products that were the subject of Varian's covenant not to sue.  (See Docket No. 62).  AIBT contends that in the eight months the litigation was pending, and before any depositions were taken, it incurred approximately $1.4 million in costs, fees and expenses.  (Docket No. 76 at 18).  In their Joint Stipulation dismissing the claims, the parties agreed that "[w]ith respect to Plaintiffs' claims dismissed in connection with [their] stipulation, AIBT is the prevailing party pursuant to 35 U.S.C. § 285" of the Patent Act.  (Docket No. 62 ¶ 3).  However, Varian did not agree that the action constituted an "exceptional case" under 35 U.S.C. § 285.  (Id.).

On December 24, 2008, after Varian had granted the covenant not to sue and while the motion to dismiss Varian's claim and AIBT's three counterclaims remained pending, AIBT filed a First Amended Answer and First Amended Counterclaims.  (Docket No. 45).  Therein, AIBT reasserted its original counterclaims for invalidity, non-infringement and unenforceability, and added five antitrust counterclaims.  The additional claims included *Walker Process* claims[1] and "sham litigation" claims for monopolization and

---

[1]  "A *Walker Process* claim arises when a patentee baselessly institutes litigation to enforce a patent known to be unenforceable because the patent was procured by fraud." Novo Nordisk of

attempted monopolization, as well as a claim for conspiracy to monopolize.  In support of these claims, AIBT alleged among other things that Varian had engaged in monopolization and attempted monopolization by seeking, through this litigation, to enforce a patent that it knew was obtained by fraud on the U.S. Patent and Trademark Office ("PTO"), and that it knew was invalid or otherwise unenforceable.  (See id.).

Varian moved to dismiss AIBT's amended counterclaims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and on July 20, 2009, this court issued a Report and Recommendation (the "2009 R&R") in which it recommended that Varian's motion be allowed.  (Docket No. 72).  Therein, this court determined that AIBT had failed to allege sufficient facts to establish an antitrust injury and therefore lacked standing to pursue its antitrust counterclaims.  This court also concluded that AIBT had failed to allege fraud with sufficient particularity to support its *Walker Process* and "sham litigation" claims, and that AIBT had failed to allege adequate facts to support its claim for conspiracy to monopolize.  Accordingly, this court recommended that all of AIBT's counterclaims be dismissed.[2]  However, because this court concluded that the record did not establish that AIBT would not be able to allege a cause of action, it further recommended that the dismissal be without prejudice.  The 2009 R&R was adopted by

_____

N. Am., Inc. v. Genentech, Inc., 885 F. Supp. 2d 522, 526 (S.D.N.Y. 1995) (citing Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 86 S. Ct. 347, 15 L. Ed. 2d 247 (1965)).

[2]  Because AIBT's counterclaims for invalidity, non-infringement and non-enforceability had been dismissed by the District Court prior to this court's issuance of its 2009 R&R, this court addressed only the remaining five antitrust counterclaims in its decision.

the District Court on August 4, 2009, thereby dismissing AIBT's antitrust counterclaims without prejudice.  On August 18, 2009, AIBT filed the instant motion for fees and costs.

Instead of filing a motion for leave to amend its counterclaims in this case, AIBT chose to pursue its antitrust claims by filing a new action against Varian.  Thus, on August 31, 2009, AIBT filed a complaint against Varian in Civil Action No. 09-11448-NG (the "Antitrust Litigation").  The complaint expanded upon the factual allegations, but contained the same five antitrust claims that AIBT had asserted against Varian by way of its counterclaims in this action.  Accordingly, AIBT continued to contend that Varian engaged in anti-competitive conduct, in violation of federal antitrust law, by "alleging infringement of a patent that they knew was obtained by fraud on the [PTO]." (Docket No. 1 in C.A. No. 09-11448-NG ¶ 1).  AIBT is seeking costs and attorneys' fees in connection with the Antitrust Litigation as well.

Varian filed a motion to dismiss all of the claims against it in the Antitrust Litigation, arguing that AIBT had failed to cure the deficiencies identified by this court with respect to AIBT's counterclaims in this action, and that AIBT's Complaint should be dismissed on the same grounds articulated in the 2009 R&R.  (Docket No. 8 in C.A. No. 09-11448-NG).  On April 27, 2010, this court issued a Report and Recommendation (the "2010 R&R") in which it determined that AIBT's expanded factual allegations cured a few but not most of the deficiencies in AIBT's original counterclaims, and recommended that Varian's motion to dismiss be allowed in part and denied in part.  (Docket No. 27 in C.A. No. 09-11448-NG).  Specifically, this court recommended that AIBT's principal

claim, i.e., that Varian committed fraud by misleading the PTO in connection with its disclosures concerning U.S. Patent No. 3,541,328, its claim of a failure to disclose an article authored by W.K.H. Panofsky, et al. (the "Panofsky Reference"), as well as its claim of conspiracy to monopolize, be dismissed for failure to state a claim.  However, this court further recommended that Varian's motion to dismiss be denied with respect to AIBT's claim that Varian committed fraud on the PTO by failing to disclose a publication by Nicholas White, et al. (the "White Reference"), an invention known as the "Ionex Quad Magnet," an offer by Nicholas White to sell certain technology to Varian, and the identity of Nicholas White as allegedly one of the inventors of the '156 Patent.  Both parties have filed objections to the 2010 R&R, which are pending before the District Court for a final decision.

     Additional facts will be provided below where appropriate.

### III.  DISCUSSION

#### A.    AIBT's Request for Attorney Fees

     By its present motion, AIBT is seeking attorney fees pursuant to 35 U.S.C. § 285 of the Patent Act.  Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Varian argues that AIBT's motion should be denied because it has failed to present clear and convincing

evidence showing that this case is "exceptional" within the meaning of the Patent Act.[3]

As the Federal Circuit has stated,

> [t]he determination of whether a case is exceptional and, thus, eligible for and warranting an award of attorney fees under § 285 is a two-step process in which the district court must (1) determine whether there is clear and convincing evidence that a case is exceptional ... and (2) if so, then determine in its discretion whether an award of attorney fees is justified ....

Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1366-67 (Fed. Cir. 2007).[4]  For the reasons that follow, this court agrees that AIBT has failed to establish, by clear and convincing evidence, that this is an exceptional case.  Accordingly, AIBT has not shown that an award of attorney fees would be appropriate.

"A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions."  Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).  In the instant case, AIBT asserts that this case is exceptional because

---

[3]  Varian does not dispute AIBT's contention that this court retains jurisdiction to decide its motion, or that since Varian's claims were dismissed due to the covenant not to sue, AIBT is the "prevailing party" for purposes of its request for attorney fees pursuant to 35 U.S.C. § 285. Instead, Varian argues that AIBT's request for attorney fees should be denied because the defendant has not established that this is an exceptional case justifying an award of such fees. (See Pls. Opp. (Docket No. 78) at 8-11).

[4]  "Federal Circuit case-law [applies] to the § 285 analysis, as it is unique to patent law." Digeo, Inc., 505 F.3d at 1366.

Varian  procured the '156 Patent through fraud on the PTO.  As AIBT states in its

memorandum in support of its motion,

> [t]he evidence of record shows that Plaintiff Varian Semiconductor
> Equipment Associates, Inc. ("Varian") and the other Plaintiffs
> brought and knowingly maintained a baseless infringement suit
> asserting a fraudulently procured patent in an effort to crush AIBT
> and thereby improperly block competition that offered better
> technology and that was poised to erode Varian's dominant market
> position.  As such, this is an exceptional case, and the Court should
> award AIBT its attorneys' fees and costs, including expert fees and
> interest thereon.

(Def. Mem. (Docket No. 76) at 2).  However, AIBT did not present any evidence in the

instant case, much less clear and convincing evidence, to substantiate its fraud claims.

### Evidence Presented by AIBT

As AIBT argues, the essence of its fraud claims is the alleged "failure of the

inventors to advise the PTO that the inventors were aware that the asserted claims were

not patentable due to a much earlier prior art patent, U.S. Patent No. 3,541,328 (the "328

Patent"), that was developed by one of the inventors of the 156 Patent, Enge."  (Def.

Mem. at 3).  While AIBT asserts that there were a number of other instances of failure to

disclose information to the PTO which resulted in fraud on the PTO, (see id. at 12-15), it

relies on the alleged failure to disclose the '328 Patent and two letters that plaintiff

Kenneth H. Purser ("Purser") sent to Harald A. Enge ("Enge") to establish that this case

is exceptional.  (See Def. Reply Mem. (Docket No. 80) at 4-7).  According to AIBT,

"[t]hese letters show that the Plaintiffs intentionally deceived the PTO when they signed

the declarations attesting that they were the true and only inventors of the inventions

claimed in the patent-in-suit with knowledge that one or more of the then pending claims was anticipated by the 328 Patent." (Def. Mem at 4).

This evidence is insufficient to justify an award of attorney fees in this case. In dismissing AIBT's counterclaims, this court considered AIBT's allegations that the inventors misled the PTO about the contents and scope of the '328 Patent and found them insufficient to state a claim for fraud under the applicable pleading standards. (See 2009 R&R at 17-20). Moreover, in connection with Varian's motion to dismiss the Complaint in the Antitrust Litigation, this court considered AIBT's revised allegations regarding the '328 Patent, including the substance of the two letters from Purser to Enge, and found that AIBT still could not state a claim for fraud. (See 2010 R&R at 10-13, 26-31). In particular, as detailed more fully in the 2010 R&R, this court determined that due to the fact that the inventors of the '156 Patent disclosed and accurately described the '328 Patent to the PTO, AIBT could not sustain a claim based on allegations that the inventors misled the PTO about the '328 Patent. (Id. at 26). Because the letters on which AIBT relies to show that this case is exceptional do not even support a claim of fraud on the PTO, they do not establish clear and convincing evidence of inappropriate conduct for purposes of an attorney fee award under 35 U.S.C. § 285.[5]

---

[5] This court is not ruling that "AIBT must prove its fraud claim to prevail on its motion under § 285[.]" (Def. Reply Mem. at 3) (arguing that proof of fraud is not required). This court agrees that "[i]f there is clear and convincing evidence that a plaintiff has brought a baseless or frivolous suit against an accused infringer, that is a sufficient basis to require a district court to deem the case exceptional under § 285." Digeo, Inc., 505 F.3d at 1367. However, since AIBT is basing its claim that this case is exceptional on the existence of these two letters, which AIBT

AIBT is outraged at the content of these letters and argues that proof that Varian's suit was brought in bad faith is established by Varian's alleged failure to explain the letters, which demonstrate "Plaintiffs' intentional deception of the PTO when they signed the declaration attesting that they were the true and only inventors of the inventions claimed in the patent-in-suit."  (Def. Reply Mem. at 6).  However, to date, no explanation has been necessary, and AIBT's argument ignores Varian's repeated assertion that these facts likely will be explored in the interference proceeding Varian has requested before the PTO.  (See Pls. Opp. (Docket No. 78) at 4).  Moreover, AIBT is ignoring the fact that an inventor's opinion about patentability is not controlling on whether an invention is patentable as a matter of law.  Finally, as this court has found twice, it is undisputed that the '328 Patent was disclosed and accurately described to the PTO in connection with the procurement of the '156 Patent.  The existence of this correspondence does not establish AIBT's claim of fraud and does not render this litigation exceptional under § 285.

To the extent that AIBT relies on other alleged failures to disclose information to the PTO to support its claim for fees, costs and expenses, these claims must also fail.  Thus, AIBT argues that Varian's omissions and representations to the PTO with respect to the White Reference, the Panofsky Reference, the Ionex Quad Magnet and Nicholas White's offer to sell technology to Varian also constitute evidence that this case is exceptional.  (Def. Mem. at 12-16).  However, in the instant case, AIBT was not able to

---

contends establish knowledge of the fraud, the fact that these two letters do not even state a claim for fraud on the PTO defeats AIBT's claim of exceptional circumstances.

state a claim of fraud based on Varian's alleged failure to disclose these references to the

PTO.  In light of AIBT having failed to allege sufficient facts to even state a claim in the

instant action, and having elected not to amend its pleadings in the instant case, this case

should be closed.  Any remedy which AIBT may recover should be developed in the

Antitrust Litigation where some, but not all of AIBT's claims of failure to disclose this

information to the PTO have, thus far, survived a motion to dismiss.

AIBT argues further that the timing of Varian's decision not to pursue its claim of

infringement, i.e., shortly before a court hearing and depositions, is persuasive evidence

that Varian's suit was baseless.  (Def. Reply Mem. at 6-7).  However, Varian has offered

an explanation of its action, which, if supported by a developed record, defeats AIBT's

claim.  (See Pls. Opp. at 5 n.1).  Thus, on its face, the timing of the issuance of the

covenant not to sue does not render this case exceptional or warrant the award of

attorneys' fees and expenses.

## AIBT's Request for Discovery

AIBT has requested an opportunity to pursue discovery to the extent necessary to

establish that this is an exceptional case.  According to the defendant, "[t]his discovery

would include evidence of Plaintiffs' inequitable conduct and evidence that Plaintiffs'

knew that this case was frivolous[ ] at the time they filed it."  (Def. Mem. at 18).

Therefore, AIBT is seeking the same or similar discovery that it will be taking in the

Antitrust Litigation in order to prove its claims that Varian violated the antitrust laws by

seeking to enforce a patent in this case that it allegedly knew had been obtained by fraud

on the PTO.

AIBT's request for discovery in this matter is denied.  The defendant has chosen to

conclude this litigation by pursuing its antitrust claims in a separate lawsuit.  To the

extent it is able to develop clear and convincing evidence in the context of the Antitrust

Litigation to show that Varian's patent infringement claims were baseless because the

'156 Patent was procured by fraud on the PTO, it may file an appropriate motion for

attorney fees in that case.

**B.     AIBT's Request for Expert Witness Fees and Prejudgment Interest**

By its motion, AIBT also requests that this court exercise its inherent power to

impose sanctions for fraud or abuse of the judicial process, and award the defendant its

expert witness fees, as well as pre-judgment interest on its costs and attorneys' fees.  A

federal court may "invoke its inherent powers if it determines 'that fraud has been

practiced upon it, or that the very temple of justice has been defiled.'  Similarly, a court

may impose sanctions where 'a party shows bad faith by delaying or disrupting the

litigation or by hampering enforcement of a court order.'"  Amsted Indus. Inc. v. Buckeye

Steel Castings Co., 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting Chambers v. NASCO,

Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991)) (additional

quotations and citations omitted).  However, "[w]ithout a finding of fraud or bad faith

whereby the 'very temple of justice has been defiled,' a court enjoys no discretion to

employ inherent powers to impose sanctions."  Id.  See also Chambers, 501 U.S. at 50-51,

111 S. Ct. at 2136 (court must "exercise caution in invoking its inherent power," but may impose sanctions pursuant to such power where there is evidence of bad faith conduct or attempt to perpetrate fraud on the court). The present record does not support the claim for this extraordinary award, and AIBT's request for sanctions in the form of expert witness fees and pre-judgment interest is denied.

## C.      AIBT's Request for Costs Pursuant to Fed. R. Civ. P. 54(d)

Finally, AIBT is seeking costs pursuant to Fed. R. Civ. P. 54(d), which provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Varian urges this court to decline AIBT's request because Varian prevailed on AIBT's antitrust counterclaims, and it contends that under such circumstances, each party should bear its own costs. (Pl. Opp. Mem. at 12). Because this court finds that AIBT is the sole "prevailing party" for purposes of Rule 54(d), AIBT's motion for costs is allowed.

In patent cases, the question "whether a party is 'prevailing' for the purposes of Rule 54 is a matter of federal circuit law." Power Mosfet Techs., L.L.C. v. Siemens AG, 378 F.3d 1396, 1416 (Fed. Cir. 2004). See also Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1181-82 (Fed. Cir. 1996) (describing basis for applying federal circuit law to define meaning of "prevailing party" in patent litigation). "The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit." Power Mosfet Techs., L.L.C., 378 F.3d at 1416. Accordingly, "a defendant [is]

the prevailing party for purposes of costs under Rule 54 where the plaintiff voluntarily

dismiss[es] its case against [that] defendant with prejudice." <u>Highway Equip. Co., Inc. v.</u>

<u>FECO, Ltd.</u>, 469 F.3d 1027, 1035 (Fed. Cir. 2006). <u>See also id.</u> at 1035-36 (basis for

defendant's prevailing party status was plaintiff's filing of a covenant not to sue, which

ended the litigation and resulted in a dismissal with prejudice).  On the other hand, a

dismissal without prejudice "does not bestow 'prevailing party' status" upon the opposing

party, as it does not amount to a victory on the merits and "does not constitute a change in

the legal relationship of the parties because the plaintiff is free to refile its action." <u>RFR</u>

<u>Indus., Inc. v. Century Steps, Inc.</u>, 477 F.3d 1348, 1353 (Fed. Cir. 2007). <u>See also</u>

<u>Highway Equip. Co., Inc.</u>, 469 F.3d at 1034 (dispositive issue is whether the dismissal

"had sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the

legal relationship of the parties'") (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W.</u>

<u>Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840, 149 L. Ed.

2d 532 (2001)); <u>Szabo Food Serv., Inc. v. Canteen Corp.</u>, 823 F.2d 1073, 1077 (7th Cir.

1987) (a dismissal without prejudice "is not the practical equivalent of a victory for

defendant on the merits").  Because Varian's claims in this action were dismissed with

prejudice, but AIBT's counterclaims were dismissed without prejudice, AIBT is the

prevailing party for purposes Rule 54(d).  Accordingly, AIBT is entitled to recover costs

against Varian pursuant to 28 U.S.C. § 1920.[6]

---

[6] "Section 1920 of Title 28 enumerates the expenses that a federal court may award as costs under its Rule 54(d)(1) discretionary authority." <u>Manildra Milling Corp.</u>, 76 F.3d at 1184.

## IV.  <u>CONCLUSION</u>

For all the reasons detailed above, the "Defendant's Motion for Attorneys' Fees and Costs" (Docket No. 74) is ALLOWED IN PART and DENIED IN PART. Specifically, the motion is ALLOWED with respect to the defendant's request for costs under Fed. R. Civ. P. 54(d), but is otherwise DENIED.  Within 14 days from the date of this Memorandum of Decision and Order, AIBT shall file a bill of costs with the court. Any objection to the bill of costs shall be filed within 14 days from the date of AIBT's submission.

<u>    / s / Judith Gail Dein                </u>
Judith Gail Dein
U.S. Magistrate Judge